# In the
# United States Court of Appeals
# for the Eighth Circuit

Central Specialties, Inc.

*Plaintiff – Appellant,*

v.

Jonathan Large, Mahnomen County,

*Defendants – Appellees.*

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MINNESOTA

## PETITION FOR REHEARING *EN BANC* OF PLAINTIFF-APPELLANT CENTRAL SPECIALTIES, INC.

**FABYANSKE, WESTRA, HART
& THOMSON, P.A.**
Kyle E. Hart (#159025)
Hugh D. Brown (#390969)
Nathan R. Sellers (#393010)
333 South Seventh Street, Suite 2600
Minneapolis, MN 55402
(612) 359-7600

*Attorneys for Plaintiff-Appellant*

# **TABLE OF CONTENTS**

PAGE

TABLE OF CONTENTS.................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................ ii

STATEMENT PURSUANT TO FED. R. APP. P. 35(b)(1) ........................................... 1

STATEMENT OF THE CASE.......................................................................................... 2

ARGUMENT ..................................................................................................................... 5

   I.   THE MAJORITY'S DECISION CREATES AN INTRA-CIRCUIT SPLIT, MAKING THIS CASE A GREAT CANDIDATE FOR *EN BANC* REVIEW. ................................. 5

       A.  The Majority's Decision on CSI's Fourth Amendment Claim Conflicts With 8th Circuit Precedent That Qualified Immunity Does Not Apply to Actions Beyond the Scope of an Official's Prescribed Authority. ............................................................................... 5

       B.  The Majority Decision Also Conflicts with Precedent from This Circuit Limiting Qualified Immunity on Equal Protection Claims to the Scope of an Official's Discretionary Duties. ............................................................................. 9

   II.  THE MAJORITY'S ANALYSIS CONFLICTS WITH PRECEDENT FROM SEVEN OTHER CIRCUITS. .............................................................................. 10

CONCLUSION.............................................................................................................. 14

CERTIFICATE OF COMPLIANCE ............................................................................. 15

CERTIFICATE OF SERVICE ...................................................................................... 16

# TABLE OF AUTHORITIES

**PAGE**

**State Cases**

*State ex rel. Michie v. Walleen*, 241 N.W. 318 (Minn. 1932) ..................................8

*State ex rel. Sprague v. Heise*, 67 N.W.2d 907 (Minn. 1954) ..................................8

*State v. Horner*, 617 N.W.2d 789 (Minn. 2000) ..................................8

**Federal Cases**

*Barr v. Matteo*, 360 U.S. 564 (1959) ..................................7

*Cf. Stanley v. Gallegos*, 852 F.3d 1210 (10th Cir. 2017) ..................................11

*Doe v. McMillan*, 412 U.S. 306 (1973) ..................................7

*Engquist v. Or. Dep't of Agric.*, 553 U.S. 591 (2008) ..................................10

*Gray v. Bell*, 712 F.2d 490 (D.C. Cir. 1983) ..................................2, 11

*Green v. United States*, 289 F. 236 (8th Cir. 1923) ..................................8

*Harbert Int'l., Inc. v. James*, 157 F.3d 1271 (11th Cir. 1998) ..................................11

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) ..................................11

*In re Allen*, 106 F.3d 582 (4th Cir. 1997) .................................. 6, 11, 12

*Johnson v. Phillips*, 664 F.3d 232 (8th Cir. 2011) .................................. 6, 9, 12

*Lenz v. Winburn*, 51 F.3d 1540 (11th Cir. 1995) .................................. 2, 11, 13

*Merritt v. Mackey*, 827 F.2d 1368 (9th Cir. 1987) .................................. 1, 11, 12, 13

*Morgan v. Robinson,* 920 F.3d 521 (8th Cir. 2019) ..................................11

**Federal Cases - Cont.**

*Novotny v. Tripp County*, 664 F.3d 1173 (8th Cir. 2011)........................................10

*Pena v. Kindler*, 863 F.3d 994 (8th Cir. 2017) .........................................................9

*Rheaume v. Texas Dep't of Public Safety*, 666 F.2d 925 (5th Cir. 1982) ............1, 11

*Rich v. City of Mayfield Heights*, 955 F.2d 1092 (6th Cir. 1992)........................1, 11

*Robbins v. Becker*, 794 F.3d 988 (8th Cir. 2015) .....................................................10

*Shechter v. Comptroller of City of New York*, 79 F.3d 265 (2d Cir. 1996).. 1, 10, 11

*Stanley v. Gallegos*, 852 F.3d 1210 (10th Cir. 2017) ................................................1

**Statutes**

Fed. R. App. P. 35 .......................................................................................................1

Minn. Stat. § 163.02, subdiv. 3 ...............................................................................8, 12

Minn. Stat. § 163.07, subdiv. 1 ...............................................................................8, 12

Minn. Stat. § 169.011, subdiv. 56 ..............................................................................9

Minn. Stat. § 626.84, subdiv. 1(c)(1)) .......................................................................9

<u>**STATEMENT PURSUANT TO FED. R. APP. P. 35(b)(1)**</u>

The majority opinion in this case affirmed a district court decision that Jonathan Large, a county engineer in charge of road design and maintenance, is entitled to the defense of qualified immunity. The majority so held despite evidence showing that Mr. Large acted outside his statutory authority as a county engineer by forcibly detaining CSI's trucks for three hours, and despite Mr. Large's actual knowledge that he lacked any power to do so. Central Specialties, Inc. ("CSI") now petitions this Court to rehear this case *en banc*, pursuant to Fed. R. App. P. 35.

This case is suitable for *en banc* review for two reasons. First, the majority opinion conflicts with this Court's precedent on a question of exceptional importance: whether an official acting outside the scope of his discretionary authority is entitled to claim qualified immunity under Section 1983. As the dissent correctly stated the answer in this circuit is a resounding no. (R. Doc. 84, Judgment and Opinion of 8th Circuit Panel ("Judgment"), at 15). Second, the majority opinion deviates from decisions of seven United States Courts of Appeals that have held that government officials acting outside their official capacity are not protected by qualified immunity.[1]

---

[1] *Shechter v. Comptroller of City of New York*, 79 F.3d 265, 268-69 (2d Cir. 1996); *In re Allen (Allen I)*, 106 F.3d 582, 587 (4th Cir. 1997); *Rheaume v. Texas Dep't of Public Safety*, 666 F.2d 925, 930 (5th Cir. 1982); *Rich v. City of Mayfield Heights*, 955 F.2d 1092, 1095 (6th Cir. 1992); *Merritt v. Mackey*, 827 F.2d 1368, 1373 (9th Cir. 1987); *Stanley v. Gallegos*, 852 F.3d 1210, 1214 (10th Cir. 2017);

<u>**STATEMENT OF THE CASE**</u>

After Defendant Jonathan Large forcibly detained two of CSI's trucks on suspicion of violating weight limits, CSI brought claims against Jonathan Large ("Large") and Mahnomen County (the "County") for (1) violating CSI's Fourth Amendment rights; (2) violating CSI's Fourteenth Amendment right to procedural due process and to equal protection under the law; (3) tortious interference with contract; and (4) trespass to chattels. Mr. Large and the County jointly brought a motion for summary judgment on all claims, which the district court granted.

As to CSI's Fourth Amendment claim, the district court reasoned the Appellee-Defendants are entitled to qualified immunity because it was not clearly established that only a law enforcement officer could request commercial activity to come to a brief halt to ensure compliance with local laws. (CApp0295-0296; R. Doc. 79, District Court Memorandum Opinion and Order on Motion for Summary Judgment ("Dist. Ct. Op.") at 14-15.) As to the Fourteenth Amendment due process and equal protection claims, the district court held Large and the County were again entitled to qualified immunity. (CApp0299, CApp0302; R. Doc. 79, Dist. Ct. Op. at 18 and 21.) With respect to CSI's due process claim, the district court concluded that CSI failed to show a constitutional violation because CSI did not adequately

---

*Lenz v. Winburn*, 51 F.3d 1540, 1545 (11th Cir. 1995); *Gray v. Bell*, 712 F.2d 490, 502 n.36 (D.C. Cir. 1983).

support its assertion that it did not receive notice of the change in weight restrictions and CSI did not prove that it had a right to pre-deprivation notice in the context of lowering a highway weight limit. (CApp0296-0299; R. Doc. 79, Dist. Ct. Op. at 14-18.) With respect to CSI's equal protection claim, the district court held that CSI failed to show a constitutional violation because Large had a rational basis to stop CSI's trucks given the road's condition, the road's lack of designation as a haul road, and CSI's stated intention to use the road for hauling purposes. (CApp0299-0301; R. Doc. 79, Dist. Ct. Op. at 18-21.)

CSI appealed, asserting that the district court erred in granting summary judgment to Mr. Large and the County on CSI's constitutional claims. CSI argued, among other things, that the district court improperly expanded the application of qualified immunity to allow Large to shield himself from liability. On November 24, 2021, a panel of this Court affirmed the district court's order, over Judge Grasz's partial dissent. (R. Doc. 84, Judgment, at 14.) The panel affirmed the district court's ruling on CSI's Fourth Amendment and Fourteenth Amendment claims, holding that Large was entitled to qualified immunity for each claim. (R. Doc. 84, Judgment, at 6-10.) In so holding, the majority applied the two-prong framework which considers first whether the plaintiff stated a plausible claim for violation of a constitutional or statutory right and second whether the right was clearly established at the time of the alleged infraction. The majority held that Large

3

was entitled to qualified immunity based on the second prong, stating it was not "clearly established that Large, a county engineer tasked with oversight of all county roads, could not prevent trucks that he had reason to believe were operating above the posted weight limit from passing over and damaging the roadway or could not call law enforcement to investigate compliance with the new, reduced weight restrictions." (R. Doc. 84, Judgment, at 8.) On that basis, the majority affirmed the district court's grant of summary judgment.

The dissent disagreed with the majority, stating that its analysis incorrectly "'begins and ends' with . . . qualified immunity." (R. Doc. 84, Judgment, at 15.) The dissent noted that the majority's focus on the lack of existing case law "circumscribing or defining the scope of this newly discovered, unlawritten law enforcement authority" would cloak officials with "near-absolute immunity for their actions." (R. Doc. 84, Judgment, at 14.) The dissent, consistent with this Court's precedent, recognized that questions involving a public official's scope of authority must instead focus on "whether the act complained of, if done for a proper purpose, would be within, or reasonably related to, the outer perimeter of an official's discretionary duties." (R. Doc. 84, Judgment, at 15.) After analyzing Large's statutory authority, the dissent determined that Large had no power to enforce the law by stopping and detaining CSI's tucks. (R. Doc. 84, Judgment, at 18.)

4

# ARGUMENT

The majority's holdings on CSI's Fourth and Fourteenth Amendment claims fail under precedent set by this Court and other United States Circuit Courts because qualified immunity does not apply to officials acting outside the defined scope of their authority.

## I. THE MAJORITY'S DECISION CREATES AN INTRA-CIRCUIT SPLIT, MAKING THIS CASE A GREAT CANDIDATE FOR *EN BANC* REVIEW.

When Large stopped CSI's trucks and detained CSI's employees for several hours, he was acting outside of the scope of his authority as the Mahnomen County Engineer. Therefore, Large is not entitled to claim qualified immunity. As the dissent's careful analysis noted, the majority short-circuited this threshold question by simply relying on the unsurprising lack of case law addressing the unique factual circumstances of this case. In doing so, the majority disregarded this circuit's own established precedent. The consequences of the majority's opinion make this question on the limits of qualified immunity one of exceptional importance, particularly because it creates an intra-circuit split.

### A. The Majority's Decision on CSI's Fourth Amendment Claim Conflicts With 8th Circuit Precedent That Qualified Immunity Does Not Apply to Actions Beyond the Scope of an Official's Prescribed Authority.

The Eighth Circuit has "held that an official acting outside the clearly established 'scope of his discretionary authority is not entitled to claim qualified

immunity under § 1983.'" *Johnson v. Phillips*, 664 F.3d 232, 236 (8th Cir. 2011) (quoting *Hawkins v. Holloway*, 316 F.3d 777, 788 (8th Cir. 2003)). In doing so the Eighth Circuit "adopted the rationale [of the Fourth Circuit] in *In re Allen*, 106 F.3d 582 (4th Cir. 1997)." *Id*.

As a primary matter, it is important to identify what this inquiry entails and what it does not. "In determining the scope of an official's authority, and whether the act complained of was clearly established to be beyond that authority, the issue is neither whether the official properly exercised his discretionary duties, nor whether he violated the law." *Allen*, 106 F.3d at 594. Instead, the dispositive question in is "whether the act complained of, if done for a proper purpose, would be within, or reasonably related to, the outer perimeter of an official's discretionary duties." *Johnson*, 664 F.3d at 239 (quoting *Allen*, 106 F.3d at 594.)

According to this Court's own caselaw, the scope of authority question would not involve a hair-splitting analysis such as whether there are similar cases involving road engineers making traffic stops.[2] Rather, the district court must review the statutes governing county engineers in Minnesota to determine what authority Large **does have**. *See Johnson*, 664 F.3d at 239 (analyzing a city ordinance to determine whether an Auxiliary Reserve Police Officer had the power to arrest or search

---

[2] In fact, it is only fitting that there are no similar cases involving road engineers making traffic stops because road engineers are not law enforcement officers.

incident to arrest and holding that because he did not, he was not entitled to qualified immunity); *Allen*, 106 F.3d at 595 (relying on the Supreme Court cases of *Doe v. McMillan*, 412 U.S. 306, 321–24 (1973), and *Barr v. Matteo*, 360 U.S. 564, 574–75 (1959) (plurality opinion), for the proposition that "the scope of an official's authority depends upon an analysis of the statutes or regulations controlling the official's duties").

So, the task before the panel, in reviewing the district court's order, was to analyze Minnesota law to determine whether making traffic stops, enforcing traffic laws, or seizing and detaining vehicles and drivers to investigate potential weight limit violations is within Large's discretionary authority. But, the panel did not accomplish this task. Had the panel performed the assignment established by this Court's own precedent, the panel would have found that Large's actions were outside the scope of his authority and therefore qualified immunity does not apply.

Minnesota law narrowly circumscribes the powers of a county engineer and defines, by statute, a county engineer's scope of authority. The governing statutes do not give a county engineer the authority to stop and detain individuals. Rather, the governing statutes grant a county highway engineer the power to oversee highway work and services employed thereon, prepare surveys, estimates, plans, and

specifications, and impose weight and load restrictions. Minn. Stat. § 163.07, subdiv. 1; Minn. Stat. § 163.02, subdiv. 3.[3]

As the dissent aptly noted, nowhere in Minnesota law is there even a hint that a county engineer is a policing body, peace officer, a constable, officer of the law, or someone "charged with the enforcement of the law" so as to have authority to make arrests or seizures of persons on public highways (or anywhere else). *Green v. United States*, 289 F. 236, 238 (8th Cir. 1923).[4] Minnesota courts narrowly construe an official's authority to make investigatory stops. For example, in *State v. Horner*, 617 N.W.2d 789, 793–94 (Minn. 2000), the Minnesota Supreme Court held that even "special deputies" (in that case, water patrol officers authorized "to enforce water safety laws") were not peace officers and therefore, did not have the authority to make investigatory stops.[5] *Id.* at 793-95. If, under Minnesota law, a

---

[3] The Minnesota Supreme Court has narrowly interpreted the statutory duties of a county engineer: "The statute provides that he should have charge of the highway work of the county and the forces employed thereon[.]" *State ex rel. Sprague v. Heise*, 67 N.W.2d 907, 911 (Minn. 1954) (quoting *State ex rel. Michie v. Walleen*, 241 N.W. 318, 318 (Minn. 1932)). *Id*. (quoting same). Notably absent from the Supreme Court's description of a county engineer's duties are any that relate to enforcing laws or regulations. *See id*.

[4] In *Green*, this Court explained that under the common law, four types of officials could conduct warrantless arrests in certain circumstances: a justice of the peace, a sheriff, a coroner, or a constable. 289 F. at 238 (*citing* 4 William Blackstone, *Commentaries*, *292).

[5] In *Horner*, the Minnesota Supreme Court explained that where state law does not "explicitly recognize a special deputy as a form of peace officer", the court will not "liberally construe the definition of peace officer" to allow other officials to perform acts "reserved by law for licensed peace officers." 617 N.W.2d 789, 794

water patrol officer authorized to enforce water safety laws does not have authority to make an investigatory stop, then a county engineer most certainly does not.

Put simply, under Minnesota law, Large is not a police officer, peace officer, or law enforcement officer of any kind.[6] Large does not have the power to perform acts reserved, by law, for law enforcement officers. Large had no authority to stop and detain CSI's trucks and drivers. Consequently, as this Court established in *Johnson*, because Large "acted outside the clearly established boundaries of his authority" as county engineer, the doctrine of qualified immunity does not apply, and Large cannot avail himself of its protections. 664 F.3d at 239 (8th Cir. 2011).

**B.** <u>**The Majority Decision Also Conflicts with Precedent from This Circuit Limiting Qualified Immunity on Equal Protection Claims to the Scope of an Official's Discretionary Duties.**</u>

The majority decision concerning equal protection also creates an intra-circuit split with precedent limiting qualified immunity on equal protection claims to the scope of an official's discretionary duties. Because Large is not a law enforcement

_____

(Minn. 2000). The court also noted that "[I]t is a misdemeanor for anyone not a peace officer to perform an act reserved by law for licensed peace officers." *Id*.

[6] Under Minnesota transportation law, "'[p]olice officer' means every officer authorized to direct or regulate traffic or to make arrests for violations of traffic rules." Minn. Stat. § 169.011, subdiv. 56. And a "peace officer" is an official "licensed by the board" and "charged with the prevention and detection of crime and the enforcement of the general criminal laws of the state[.]" *Pena v. Kindler*, 863 F.3d 994, 998–99 n.4 (8th Cir. 2017) (*quoting* Minn. Stat. § 626.84, subdiv. 1(c)(1)).

officer, he has no investigative discretion; therefore, as the dissent correctly noted, qualified immunity does not apply to CSI's equal protection claim.

It is true that a class-of-one equal protection claim generally cannot, without malicious conduct, be used to attack an officer's investigative decisions. *See Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 602-04 (2008); *Robbins v. Becker*, 794 F.3d 988, 995 (8th Cir. 2015). This is because such claims are deemed to be incompatible with the discretion held by law enforcement officers. *See id.*; *Novotny v. Tripp County*, 664 F.3d 1173, 1179 (8th Cir. 2011). But this principle has no application here. Large is not a law enforcement officer. As discussed above, Large had no law enforcement investigative authority and, therefore, no investigative discretion. Consequently, the class-of-one exception does not apply to this case. Large is not entitled to qualified immunity on CSI's Fourteenth Amendment equal protection claim.

## II. THE MAJORITY'S ANALYSIS CONFLICTS WITH PRECEDENT FROM SEVEN OTHER CIRCUITS.

Seven other United States Circuit Courts of Appeal agree that when a state employee is acting outside of his or her authority under state law, qualified immunity does not apply.[7] *See, e.g., Shechter v. Comptroller of City of New York*, 79 F.3d 265,

---

[7] Even if this Court were to decide that the majority's decision does not contradict this Court's scope-of-authority precedent, it should grant *en banc* review because the majority's decision contradicts the well-established principle that qualified immunity does not apply to those who **knowingly** violate the law. *Harlow*

268-69 (2d Cir. 1996); *In re Allen*, 106 F.3d 582, 587 (4th Cir. 1997); *Rheaume v. Texas Dep of Public Safety*, 666 F.2d 925, 930 (5th Cir. 1982); *Rich v. City of Mayfield Heights*, 955 F.2d 1092, 1095 (6th Cir. 1992); *Merritt v. Mackey*, 827 F.2d 1368, 1373 (9th Cir. 1987); *Lenz v. Winburn*, 51 F.3d 1540, 1545 (11th Cir. 1995); *Gray v. Bell*, 712 F.2d 490, 502 n.36 (D.C. Cir. 1983). None of the other circuit courts have explicitly rejected the exception. *Cf. Stanley v. Gallegos*, 852 F.3d 1210, 1214 (10th Cir. 2017) (plurality opinion).

As these circuits have reasoned, qualified immunity is intended to shield officials from the distractions of frivolous litigation, allowing them to effectively discharge their duties for the good of the citizens they serve. But if the employee's actions do not fall within the job description, the same concern regarding distractions no longer exists. When officials do not act with official authority, they are **<u>acting just like private citizens</u>**, so, the circuits hold, the doctrine of qualified immunity does not apply. *See Harbert Int'l., Inc. v. James*, 157 F.3d 1271, 1281 (11th Cir. 1998) (emphasis added).

---

*v. Fitzgerald*, 457 U.S. 800, 815 (1982); *Morgan v. Robinson,* 920 F.3d 521, 524 (8th Cir. 2019) (en banc) (citation omitted) (emphasis added). Here, Large is not a law enforcement officer and, by his own admission, does not have the authority to conduct traffic stops or detain citizens. Large knew at the time he stopped and detained CSI's trucks that he did not have the authority to do so. Nevertheless, he did it anyway. (CApp0161; CApp0200; R. Doc. 75, Ex. E, Large Dep. at 70:19-21). Large knowingly violated the law. Therefore, qualified immunity is not applicable to his actions, and this Court should grant *en banc* review to correct this misapplication of Supreme Court and Eighth Circuit precedent.

For instance, in *In re Allen*, which this Court has expressly relied upon in similar cases[8], the Attorney General of West Virginia sought refuge in the doctrine of qualified immunity, but the Fourth Circuit held that West Virginia law "narrowly circumscribes the powers of the Attorney General" of that state, and "that the Attorney General does not enjoy broad common law powers." 106 F.3d at 595–96. Similarly, here, Large does not enjoy broad common law powers; his authority as county engineer is narrowly prescribed by Minn. Stat. § 163.07, subdiv. 1 and Minn. Stat. § 163.02, subdiv. 3. To permit members of the executive branch (like a county engineer) or the judicial branch (like an Attorney General), to act beyond the authority granted to them by the legislative branch and subsequently avoid liability for those actions via qualified immunity would undermine the checks and balances of power that is the very foundation of the United States governance.

In *Merritt v. Mackey*, the 9th Circuit reversed the district court's ruling that qualified immunity applied to public officials that directed a private organization to terminate one of its employees in order to retain state and federal funding. 827 F.2d 1368, 1370, 1373-74 (9th Cir. 1987). The 9th Circuit held that the officials were "not entitled to qualified immunity protection because their conduct exceeded the scope of their authority and because they violated [the terminated employee's] clearly established constitutional rights." *Id*. at 1373-74. The court also held that

---

[8] *See, e.g. Johnson v. Phillips*, 664 F.3d 232, 236 (8th Cir. 2011).

because the public officials "knowingly[9] acted outside the scope of their authority, they are not entitled to qualified immunity." *Id*. at 1373.

As another example, in *Lenz v. Winburn*, where a guardian ad litem could not show that her actions "were within the scope of her authority under Florida law," she was not entitled to qualified immunity; therefore, the court "must reach the merits of the [ ] Fourth and Fourteenth Amendment claims against [the guardian ad litem]." 51 F.3d 1540, 1546-47 (11th Cir. 1995). Notably, in *Lenz*, the court explained that even where applicable statues provide a "nonexclusive list" of the official's duties, when the duties identified on the list all fall within a certain category government activity, the official's authority is limited to that category of activity.[10] *Id*. at 1546.

By ignoring the explicit statutory limits on Large's conduct, the majority misaligned this court with the majority of the circuits, necessitating this Court's *en banc* review.

---

[9] The public officials testified that they knew they had no authority to require the private organization to fire the employee. *Merritt*, 827 F.2d at 1373.

[10] "Section 61.403 of the Florida Statutes provides a nonexclusive list of the guardian's duties. Although the list is nonexclusive, every included duty is judicially related: the guardian has authority to investigate the pleadings, compel discovery, request expert examinations, make statements to the court, and file motions. The list includes no duty to counsel, shelter, or care for the child directly." *Lenz v. Winburn*, 51 F.3d 1540, 1546 (11th Cir. 1995).

## **CONCLUSION**

For the foregoing reasons, this Court should rehear this appeal *en banc*, reverse the district court, and remand for further proceedings.

Respectfully submitted,

Dated:  December 8, 2021

**FABYANSKE, WESTRA, HART & THOMSON, P.A.**

*/s/ Hugh D. Brown*
Kyle E. Hart (#159025)
Hugh D. Brown (#390969)
Nathan R. Sellers (#393010)
333 South Seventh Street, Suite 2600
Minneapolis, MN 55402
(612) 359-7600
khart@fwhtlaw.com
hbrown@fwhtlaw.com
**ATTORNEYS FOR PLAINTIFF**

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7(B) because this brief contains 3,414 words as counted by Microsoft Word 2016, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016 processing program in a 14-point font size and Times New Roman type style.

The brief and addendum have been scanned for viruses and the brief and addendum are virus free.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 8, 2021, I electronically filed the Brief of Appellant with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Hugh D. Brown*

006669\098\6011331